**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALEXANDER LOPEZ, individually and on behalf of a class, )
)
*Plaintiff*, )
) Civil Action No. 18-cv-04709
v. )
)
GC SERVICES LIMITED PARTNERSHIP, )
) <u>Jury Demanded</u>
*Defendant*. )

## CLASS COMPLAINT

Plaintiff, Alexander Lopez, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter which falsely threatened that interest, late charges and other charges would accrue on a charged off credit card debt.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statement or misrepresentation and has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580

(1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Alexander Lopez, ("Plaintiff") is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted consumer credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, GC Services Limited Partnership ("GCS"), is a Delaware limited partnership that does or transact business in Illinois. GC's registered agent is C T Corporation System located at 208 S. LaSalle St., Suite 814, Chicago, IL 60604. (Exhibit A, Record from Illinois Secretary of State).

7. GCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. GCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. GCS regularly collects or attempts to collect consumer debts originally owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined at § 1692a of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Citibank account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12. GCS subsequently began collecting the alleged debt.

13. On or about July 9, 2017, GCS sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter conveyed information regarding the alleged debt, including an account number, and a current amount due. (Ex. C, Letter).

15. The Letter was thus a "communication" as that term is defined at §1692a(2) of the FDCPA.

16. The Letter further provided a balance due of $1,040.84.

17. The alleged debt was charged off in March 2017.

18. The Letter then states:

> As of the date of this letter, you owe $1,040.84. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

(Ex. C, Letter)

19. GCS' threat that interest, late charges and other charges would be added was false. The account was already charged off and no longer accruing such charges.

20. In fact, the balance on the alleged debt remains the same to date, more than a year later.

21. The Letter causes unsophisticated consumers to incorrectly believe that they will financially benefit from sending immediate payment since the amount due "may increase due to interest or other charges" if not paid.

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or…**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

23. GCS misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated the balance of an alleged debt subject to potential "interest or other charges", when in fact the balance would not change at a later date.

24. A Letter is misleading to an unsophisticated consumer if it falsely implies a possible outcome – namely the imposition of "interest or other charges" - that cannot legally come to pass. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

25. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Id.* (citing *Muha v. Encore Receivable Mgmt.*,

*Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendant's misrepresentation that the balance was increasing would make Plaintiff more likely to pay the alleged debt out of concern that the balance would be higher if he waited until some future date to pay.

26. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

27. Plaintiff, Alexander Lopez, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a charged off citibank debt (3) using a letter substantially similar to that attached as Exhibit C to Plaintiff's Complaint (4) from 1 year prior to the filing of the Complaint to 21 days following.

28. As Exhibit C is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted utility account.

29. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the

Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

31. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges above paragraphs as set forth fully in this count.

33. GCS misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(5) when it falsely stated the balance of an alleged debt was subject to interest, late charges and other charges when those charges would not and could not accrue.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's and the classes favor, and against Defendant as follows:

    A.    Statutory damages for the class pursuant to 15 U.S.C. §1692k(a)(2)(B);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com